ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 MAY 23 AM 8:18

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BARTHOLOMEW B. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-048 |
| | ) | |
| STEVE UPTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bartholomew B. Jones filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be deemed **MOOT**, that this case be **DISMISSED** and that this civil action be **CLOSED**.

---

[2]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

# I. BACKGROUND

On July 21, 2000, Petitioner pled guilty to a Jefferson County indictment for rape, armed robbery, aggravated assault, and burglary. (Doc. no. 1, p. 1). On the same day, Petitioner was given a life sentence. (Id.). Petitioner did not file a direct appeal, nor did he file any petitions, applications, or motions with respect to his conviction in either state or federal court. (Id. at 2). Therefore, it appears from the information provided by Petitioner that no requests for direct or collateral review were filed until his current federal habeas corpus petition that was signed on April 14, 2008, and filed by the Clerk of Court on April 18, 2008.[2]

# II. DISCUSSION

## A.   Statute of Limitations

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] It is not entirely clear that Petitioner is seeking federal habeas corpus relief because the form on which he submitted his petition is a form for the Superior Court for the State of Georgia. Nevertheless, as Petitioner sent his petition to the federal court, and giving liberal construction, the Court will presume Petitioner intended to file for federal habeas corpus relief.

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), quoted above, a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case. Therefore, the Court presumes the instant case is governed by § 2244(d)(1)(A). Because Petitioner did not file an appeal, his conviction became "final" when the thirty (30) day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). As Petitioner's conviction and sentence were rendered on July 21, 2000, his conviction became final on or about August 20, 2000. At this point Petitioner's one-year statute of limitations began to run. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").

3

## C.    Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from August 2000, to file his federal habeas corpus petition. Although according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court, Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003), this provision is of no help to Petitioner because he never filed for any application for post-conviction or other collateral review in state court. Rather, Petitioner waited over seven years from the time his conviction became final in August 2000, until he filed the instant federal habeas petition in April of 2008. Therefore, absent some tolling mechanism, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the court concludes that there is no basis for statutory tolling AEDPA's one-year statute of limitations.

Similarly, Petitioner is not entitled to equitable tolling. "Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can

4

"show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence,[3] Petitioner's § 2254 petition is time-barred by the

---

[3]Although actual innocence may warrant consideration of an otherwise untimely federal petition, Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000), "[t]his exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Notably, Petitioner does not raise an actual innocence argument in his

5

AEDPA's one-year statute of limitations.[4]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be deemed **MOOT**, that this petition be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of May, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

federal habeas petition.

[4]The Court also notes that, even if the above-captioned petition were not time barred, Petitioner has failed to exhaust his available state remedies as he did not file any direct appeal, or any petitions, applications, or motions with respect to his conviction in state court. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).