IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BARTHOLOMEW B. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-048 |
| | ) | |
| STEVE UPTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In addition to his objections, Petitioner has also filed a motion to dismiss his petition. (Doc. no. 7).

The Magistrate Judge recommended dismissal of Petitioner's 28 U.S.C. § 2254 petition because it is time-barred by the applicable one-year statute of limitations. (Doc. no. 4). Additionally, in the Report and Recommendation, the Magistrate Judge noted that it was not entirely clear that Petitioner was seeking federal habeas corpus relief because the form on which he submitted his petition is a form for the Superior Court for the State of Georgia. (Id. at n.2). Nevertheless, as Petitioner sent his petition to the federal court, and giving the *pro se* filing a liberal construction, the Magistrate Judge presumed Petitioner intended to file for federal habeas corpus relief. (Id.).

Petitioner now explains in his motion to dismiss that his habeas petition was

mistakenly sent to this Court as opposed to the state court. (Doc. no. 7, p. 1). As such, Petitioner requests that this federal petition be dismissed without prejudice, and he further requests that the Court send all documents he has submitted in this case to the Superior Court of Tattnall County. (Id.). Petitioner's objections to the Report and Recommendation are also premised on his desire to first file his petition in state court.

To begin, the Court cannot grant the type of dismissal requested by Petitioner, namely with a reservation of the right to obtain federal review at a later date. The Court cannot dismiss the above-captioned petition without prejudice because should Petitioner ever attempt to file another federal habeas corpus petition, he must comply with the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, including the one-year statute of limitation provision. See 28 U.S.C. § 2244(d).

Secondly, that Petitioner now seeks to file this petition in state court does not alter the fact that Petitioner's current federal petition is time-barred by the applicable one-year statute of limitations. The Magistrate Judge did not recommend dismissal of the petition for failure to exhaust; the Magistrate Judge recommend dismissal because the petition was not filed within one year of Petitioner's conviction becoming final. Therefore, Petitioner's motion to dismiss is **DENIED**.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motion to proceed *in forma pauperis*

---

[1] Regarding Petitioner's request to have copies of his filings sent to the Superior Court of Tattnall County, if Petitioner desires to have copies of the filings in this case, he may obtain them by submitting fifty cents per page to the Clerk, and forward the copies himself.

(doc. no. 2) is deemed **MOOT,** this case is **DISMISSED,** and this civil action is **CLOSED.**

SO ORDERED this 8th day of August, 2009, in Augusta, Georgia.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

3